[No. 12501–3–II. Division Two. June 6, 1990.]

JAMES C. STARK, *Appellant,* v. CELOTEX CORPORATION, ET AL, *Respondents.*

---

*David A. Bateman* and *Hanemann & Bateman,* for appellant.

*Gregory E. Keller* and *Hillis, Clark, Martin & Peterson* (*T.H. Pinkley* and *Paine, Sweeney & Tarwater,* of counsel), for respondent Celotex Corp.

*Michele C. Coyle* and *Gibson, Dunn & Crutcher,* for respondents Fibreboard, et al.

FARIS, J.*—James Stark, the plaintiff, appeals from a jury verdict determining that the defendant asbestos manufacturers, Celotex, et al., were not liable for Stark's asbestosis. Stark argues that the trial court erred in failing to properly instruct the jury regarding the application of the discovery rule to a products liability action, and in failing

---

*Judge Philip H. Faris is serving as a judge pro tempore of the Court of Appeals, pursuant to CAR 21(c).

to clarify the discovery rule instruction following a jury inquiry. We disagree and affirm.

James Stark was exposed to asbestos while employed at the Puget Sound Naval Shipyard (PSNS) from 1950 until 1982. PSNS provided Stark with annual physical examinations, which included a questionnaire completed by Stark, a chest examination and an x–ray. In 1976, Stark's chest examination revealed fibrosis in both of his lungs. In 1979, Stark's chest x–ray showed "some degree of apical pleural thickening" and Stark reported some shortness of breath. After the 1979 physical examination, Dr. Cowles, head of PSNS's occupational medicine branch, sent Stark a letter indicating that the x–rays demonstrated changes compatible with exposure to asbestos dust. Dr. Cowles suggested that Stark file a claim for federal compensation for an asbestos–related disease, which Stark did. A 1981 medical questionnaire stated that Stark had been informed by medical doctors that he had asbestosis. When Stark retired in 1982, he underwent a complete physical examination from his own physician, and was told that he did not suffer from any asbestos–related problems.

Stark testified that he had not been informed that he had an asbestos–related condition until he was diagnosed with asbestosis by Dr. Ostrow in 1985. Stark brought this action in March 1986, alleging that the defendant asbestos manufacturers were liable for the damage caused by their product. The matter proceeded to a trial by jury.

After all the testimony was presented, the trial court instructed the jury that "No claims . . . may be brought more than three years after the plaintiff discovered, or in the exercise of due diligence should have discovered, the harm and its cause."[1] Stark excepted to that instruction.

---

[1]The applicable statute of limitations is RCW 7.72.060 which reads in pertinent part as follows: "[N]o claim under this [product liability] chapter may be brought more than three years from the time the claimant discovered or in the exercise of due diligence should have discovered the harm and its cause." RCW 7.72.060(3).

■ During jury deliberations, the jury sent a note to the judge and asked "Does the 'harm' referred to in paragraph 3 mean the actual diagnosis of disease or the awareness of the potential for disease?" At this juncture, Stark requested that the jury's question be answered that the statute of limitations does not begin to run until the actual diagnosis of asbestosis. The trial court declined to give a supplemental jury instruction, concluding that it would be a comment on the evidence and also would be an incorrect statement of the law. We agree.

■ The point at which a plaintiff discovers or should have discovered that he or she is harmed and its cause is a question of fact for the jury to decide. Indeed, the jury was so instructed. Stark's proposed supplemental instruction would not only take that issue from the jury, but it would contradict the statutory requirement that Stark exercise due diligence in discovering the harm and its cause. RCW 7.72.060(3).

■ Stark also argues that the instruction given was inadequate because it was vague and imprecise. Instructions are sufficient if they permit each party to argue his theory of the case, are not misleading, and when read as a whole, properly inform the trier of fact of the applicable law. *Farm Crop Energy, Inc. v. Old Nat'l Bank of Wash.,* 109 Wn.2d 923, 933, 750 P.2d 231 (1988). The instruction given did not preclude Stark from arguing to the jury that the "harm", *i.e.,* asbestosis, was not discoverable until diagnosis, nor did it mislead the jury. Furthermore, the instruction used the precise language of RCW 7.72.060(3), which is also not error. *See Petersen v. State,* 100 Wn.2d 421, 432, 671 P.2d 230 (1983).

■ Stark's remaining argument, that the jury, by asking its question, established that the instruction given was unclear, has no merit. That argument overlooks the frequency with which juries ask for clarifying instructions, and the frequency with which trial courts tell them to rely on the instructions already given. The instruction was in the language of the statute. If more clarity is necessary, or if a

different policy is needed for the application of the statute of limitations, then that request must be addressed to the Legislature.

Affirmed.

ALEXANDER, C.J., and WORSWICK, J., concur.

Review denied at 115 Wn.2d 1020 (1990).